UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOLLY MCBRIDE CRAWFORD,<br><br>    Plaintiff,<br><br>-against-<br><br>GENERAL MILLS CEREALS OPERATIONS INC.,<br><br>    Defendant. | **ANSWER TO PRO SE COMPLAINT**<br><br>Civil Action No. 12-cv-01180-WMS |

Defendant General Mills Operations, LLC ("General Mills") – incorrectly identified as General Mills Cereals Operations, Inc., in the caption – by and through its attorneys, Littler Mendelson, P.C., by and for its Answer to the Pro Se Complaint of Plaintiff Molly McBride Crawford ("Plaintiff"), responds as follows:

In response to the statement next to the caption of the Complaint beginning "Jury Trial Demanded," states that Plaintiff's jury demand does not require a response, but to the extent that a response is required, denies any liability for which a trial is necessary.

In response to the first un-numbered paragraph of the Complaint, states that no response is necessary as it contains only instructions to the pro se plaintiff to attach a copy of the original Equal Employment Opportunity Commission ("EEOC") complaint, a copy of the EEOC decision, and a copy of the "Right to Sue."

In response to the second un-numbered paragraph of the Complaint, admits that Plaintiff purports to bring an action pursuant to Title VII of the Civil Rights Act of 1964, but denies that General Mills engaged in any unlawful conduct which would give rise to any cause of action or entitle Plaintiff to any relief whatsoever, and further denies that Plaintiff is entitled to any of the remedies she seeks.

In response to the third un-numbered paragraph, states that no response is necessary as it contains conclusions of law related to jurisdiction, but to the extent a response is required, admits that Plaintiff purports to invoke the Court's jurisdiction, but denies that General Mills engaged in any unlawful conduct which would give rise to any cause of action or entitle Plaintiff to any relief whatsoever, and further denies that Plaintiff is entitled to any of the remedies that she seeks in this action.

In response to the fourth un-numbered paragraph of the Complaint, admits that Plaintiff purports to bring an action pursuant to the New York State Human Rights Law §§ 290 and 297and 28 U.S.C. § 1367(a), but denies that General Mills engaged in any unlawful conduct which would give rise to any cause of action or entitle Plaintiff to any relief whatsoever, and further denies that Plaintiff is entitled to any of the remedies she seeks.

## RESPONSE TO PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Admits the allegations in paragraph 2 of the Complaint to the extent that they allege that General Mills' principle place of business is at 1 General Mills Boulevard, Minneapolis, Minnesota 55426, but denies that Plaintiff was employed by General Mills Cereals Operations, Inc., and denies that any discrimination occurred.

3. In response to paragraph 3, states that no response is required as Plaintiff did not complete this section of the Complaint.

## RESPONSE TO CLAIMS

4. Admits the allegations contained in paragraph 4 of the Complaint.

5. Denies the allegations contained in paragraph 5 of the Complaint and denies that any discrimination occurred.

6. Denies the allegations contained in paragraph 6 of the Complaint and denies that any discrimination occurred.

7. Admits the allegations contained in paragraph 7 of the Complaint to the extent that Plaintiff alleges that General Mills "are[*sic*] not still committing these acts against [Plaintiff]," but denies that any discrimination occurred.

8. Admits the allegations contained in paragraph 8 of the Complaint, but denies that any discrimination occurred.

9. Admits the allegations contained in paragraph 9 of the Complaint, but denies that any discrimination occurred, and states that did not attach a copy of a decision by the New York State Human Rights Commission.

10. In response to paragraph 10, states that no response is required as Plaintiff did not complete this section of the Complaint.

11. Admits the allegation contained in paragraph 11 of the Complaint, but denies that any discrimination occurred.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12, except admits that Plaintiff has attached what purports to be a copy of the EEOC's Dismissal and Notice of Rights to the Complaint.

13. In response to paragraph 13 of the Complaint, admits that Plaintiff has checked boxes indicating that she is bringing claims related to the following types of actions: failure to provide her with reasonable accommodations to the application process, failure to employ her, termination of her employment, failure to provide her with reasonable accommodations so she

could perform the essential functions of her job, harassment on the basis of her sex, harassment on the basis of unequal terms and conditions of her employment, retaliation because she complained about discrimination or harassment directed toward her, retaliation because she complained about discrimination or harassment directed toward others, and "other actions;" but denies that General Mills engaged in any discrimination or retaliation.

14. In response to paragraph 14, admits that Plaintiff has checked boxes indicating that she is bringing claims related to sex, sexual harassment and age discrimination, but denies that General Mills engaged in any discrimination or retaliation.

15. In response to the allegations contained in paragraph 15, denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Plaintiff's belief that she was discriminated against intentionally and denies that General Mills engaged in any discrimination or retaliation, intentional or otherwise.

16. In response to the allegations contained in paragraph 16 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Plaintiff's belief that General Mills is no longer discriminating against her, but denies that General Mills engaged in any discrimination or retaliation at any time.

17. In response to paragraph 17 of the Complaint, states that Plaintiff has not attached a copy of the charge to the Equal Employment Opportunity Commission as required.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, except admits that Plaintiff has attached a copy of the Right to sue letter.

19. In response to paragraph 19 of the Complaint, admits that Plaintiff has written what purports to be a statement of the facts in her case, but denies each and every allegation

contained in paragraph 19, except admits that Plaintiff was terminated in accordance with General Mills policies.

### RESPONSE TO AGE DISCRIMINATION CLAIM

20. In response to this paragraph 20 of the Complaint, states that no response is required as Plaintiff has not made any allegations to which a response is necessary. To the extent that a response is required, Defendant denies the allegations.

### RESPONSE TO AMERICANS WITH DISABILITIES ACT CLAIM

21. In response to this paragraph 21 of the Complaint, states that no response is required as Plaintiff has not made any allegations to which a response is necessary. To the extent that a response is required, Defendant denies the allegations.

22. In response to this paragraph 22 of the Complaint, states that no response is required as Plaintiff has not made any allegations to which a response is necessary. To the extent that a response is required, Defendant denies the allegations.

23. In response to this paragraph 23 of the Complaint, states that no response is required as Plaintiff has not made any allegations to which a response is necessary. To the extent that a response is required, Defendant denies the allegations.

24. In response to this paragraph 24 of the Complaint, states that no response is required as Plaintiff has not made any allegations to which a response is necessary. To the extent that a response is required, Defendant denies the allegations.

### RESPONSE TO WHEREFORE CLAUSE

Admit that Plaintiff purports to seek the relief stated therein but denies that Plaintiff is entitled to any relief.

## GENERAL DENIAL

General Mills denies any allegation in the Complaint to the extent not specifically admitted or denied herein.

## AS AND FOR ITS DEFENSES

As and for its defenses to the Plaintiff's Complaint, General Mills alleges as follows:

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part or portions thereof, by the doctrine of *res judicata*.

### SECOND DEFENSE

The Complaint fails, in whole or in part or portions thereof, to state a claim or cause of action upon which relief may be granted.

### THIRD DEFENSE

The claims are barred, in whole or in part or portions thereof, to the extent that they were not filed within the applicable statute of limitations periods.

### FOURTH DEFENSE

The claims are barred, in whole or in part or portions thereof, by principles of unclean hands, waiver, estoppel and/or laches.

### FIFTH DEFENSE

The relief sought by Plaintiff is barred to the extent that Plaintiff failed to exercise reasonable diligence to mitigate her alleged damages, if any.

### SIXTH DEFENSE

To the extent that Plaintiff seeks to assert claims for physical or emotional injuries, such claims are barred, in whole or in part, by the exclusive remedies provision of the New York Workers' Compensation Law.

### SEVENTH DEFENSE

General Mills have established, well-documented policies and procedures offering several avenues for reporting harassing or discriminatory conduct and exercise reasonable care to prevent and to promptly correct any alleged harassment, discriminatory conduct or retaliation in their workplace, and Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by General Mills, or to avoid any alleged harm otherwise.

### EIGHTH DEFENSE

General Mills exercised reasonable care to prevent and to promptly correct any alleged harassment or discriminatory conduct in its workplace.

### NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that she failed to timely and properly exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites for the commencement of this action.

### TENTH DEFENSE

Plaintiff is not entitled to any damages, whether compensatory or general.

### ELEVENTH DEFENSE

Plaintiff is not entitled to exemplary, liquidated or punitive damages.

General Mills reserves the right to assert any additional defenses of which it becomes aware during the course of this proceeding.

WHEREFORE, having fully answered the Complaint filed against it, Defendant General Mills respectfully demands judgment dismissing the Complaint in its entirety, with prejudice, together with an award of the costs and disbursements of this action, including reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

Date:  February 28, 2013
       Rochester, New York

/s/ Margaret A. Clemens
Margaret A. Clemens, Esq.
Pamela S. C. Reynolds, Esq.
LITTLER MENDELSON
  A Professional Corporation
400 Linden Oaks
Suite 110
Rochester, NY  14625
585-203-3400
mclemens@littler.com

*Attorney for Defendant*

TO:  Molly McBride-Crawford
      4654 Duerr Road
      Orchard Park, NY  14127

118114298.1